UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARRIME L. STRATTON,

               Plaintiff,

          -against-

POLICE OFFCER FARAHVASTTI; POLICE
OFFICER GONZALEZ; STATE TROOPER
RHEE GENE; INVESTIGATOR LANCE
SARACENO; TANYA BEEMER; JUDGE
HYUN CHIN KIM; JUDGE RICHARD J.
GUERTIN; ANDREW GREHER,

               Defendants.

25-CV-10224 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Wallkill Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated January 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

### STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the following Defendants: (1) Woodbury Police Officer Farahvastti; (2) Woodbury Police Office Gonzalez; (3) New York State Trooper Rhee Gene; (4) New York State Trooper and Investigator Lance Saraceno; (5) Orange County Assistant District Attorney Tanja Beemer; (6) Orange County Court Judge Hyun Chin Kim;

(7) Orange County Court Judge Richard Guertin; and (8) Legal Aid Society lawyer Andrew Greher.

The following facts are drawn from the complaint.[2] On January 19, 2024, Town of Woodbury police officers arrested Plaintiff for petit larceny and menacing. After giving Plaintiff an appearance ticket, Office Farahvastti, who Plaintiff describes as the "arresting officer," told Plaintiff that the state police would also be coming to question him. (ECF 1, at 8.) State police troopers then arrived, handcuffed Plaintiff, and brought him to the State Police Barracks. Plaintiff was charged with robbery.

Plaintiff alleges that State Police Investigator Saraceno gave "false testimony" to the grand jury. (*Id.*)

On January 31, 2024, when Plaintiff appeared before Judge Kim for the Supreme Court Information ("SCI"), prosecutors offered Plaintiff a plea agreement, which Plaintiff refused because he and his lawyer "agree[d]" that there was "no robbery." (*Id.*) On March 1, 2024, Plaintiff refused another plea offer, and his lawyer stated "on the record that all parties agree that it was not a robbery and that (witness) loss prevention lied."[3] (*Id.* at 8-9.) Plaintiff alleges that his lawyer tried to "trick" him, and Judge Kim told him that he is "facing 25 yrs." (*Id.* at 9.) Plaintiff believes that Judge Kim was referring to another one of Plaintiff's criminal proceedings that was pending before her, leading him to believe that "there's something going on criminally in Orange County Courts." (*Id.*)

Plaintiff does not specify the relief he is seeking.

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] This appears to be a reference to the loss prevention employee of the store at which Plaintiff was accused of robbing.

Plaintiff attaches to the complaint various documents, including copies of communications from his attorneys at the Legal Aid Society and the Orange County District Attorney's Office, most of which advise him of scheduled proceedings; incident reports documenting his arrest; the criminal complaint, information, and indictment against him; and excerpts from the grand jury testimony.

## DISCUSSION

### A.    Judicial immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judges Kim and Guertin acted beyond the scope of their judicial responsibilities or outside their jurisdiction. *See Mireles*, 509 U.S. at 11-

4

12. Because Plaintiff sues these judges for "acts arising out of, or related to, individual cases before [them]," they are immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Kim and Judge Guertin because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## B.      Prosecutorial immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity).

Here, Plaintiff's claims against ADA Beemer are based on actions taken within the scope of her official duties and associated with the conduct of a Plaintiff's criminal trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune

5

from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C.

§ 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim

against prosecutor is frivolous if it arises from conduct that is "intimately associated with the

judicial phase of the criminal process").

## C.    Grand jury immunity

Plaintiff seeks to hold Inspector Saraceno liable for allegedly false testimony he gave

before the grand jury. However, witnesses are absolutely immune from liability under

Section 1983 for damages for grand jury or trial testimony, even if their testimony was false. *See*

*Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983); *see also*

*Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) (when the

"only avenue by which the [fabricated evidence can] reach the jury [is] through [a witness's]

testimony," claims of fabricated evidence are precluded by witness immunity). The doctrine of

witness immunity applies to police officers who testify before a grand jury. *Rehberg*, 566 U.S. at

368-70. The Court therefore dismisses Plaintiff's claims against Saraceno under the doctrine of

witness immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## D.    Private parties

A claim for relief under Section 1983 must allege facts showing that each defendant acted

under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d

399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

("[T]he United States Constitution regulates only the Government, not private parties."). Absent

special circumstances suggesting concerted action between an attorney and a state representative,

*see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*,

398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Because Defendant Greher is a private party who is not alleged to work for any state or other government body, the Court dismisses Plaintiff's claims against him for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Personal involvement**

To state a claim under Section 1983, a plaintiff must allege facts showing each defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Gonzalez and Gene were personally involved in the events underlying his claims. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims against these defendants in an amended complaint alleging facts showing how each defendant was personally and directly involved in violating his federal rights.

**F.      False arrest claims**

Plaintiff's sole allegation with respect to Defendant Farahvastti is that he arrested Plaintiff. Because Plaintiff appears to be unhappy that he was arrested, the Court liberally construes the complaint as attempting to assert a Section 1983 false arrest claim against Farahvastti. A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012).

An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification

and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)). Where a plaintiff is arrested without a warrant, however, the defendant must prove probable cause as an affirmative defense. *See Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) ("When an arrest is not made pursuant to a judicial warrant, the defendant in a false arrest case bears the burden of proving probable cause as an affirmative defense."); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) ("The defendant has the burden of raising and proving the affirmative defense of probable cause."); *Boans v. Town of Cheektowaga*, 5 F. Supp. 3d 364, 384 (W.D.N.Y. 2014) (A plaintiff challenging a warrantless arrest need not "allege want of probable cause in a false imprisonment action, . . . and the burden is on the defendant to prove the opposite." (relying on *Broughton v. State*, 37 N.Y.2d 451, 458 (1975) ("As a matter of pleading[,] the defendant has the burden of proving legal justification as an affirmative defense."))).

Here, Plaintiff's sole allegation is that Farahvastti arrested him. He alleges no facts suggesting that Farahvastti arrested him without a warrant or lacked probable cause for the arrest. In fact, Plaintiff alleges no facts at all about the circumstances surrounding his arrest. The Court therefore dismisses any false arrest claims Plaintiff may be asserting against Farahvastti for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

The Court grants Plaintiff leave to replead any false arrest claims he seeks to assert in an amended complaint alleging facts that satisfy the standard set forth above.

**G.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

9

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Farahvastti, Gonzalez, and Gene, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for the reasons set forth above, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 16, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

11