USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARRIME L. STRATTON,

                Plaintiff,

        -against-

POLICE OFFICER FARAHVASTTI; POLICE
OFFICER GONZALEZ; STATE TROOPER
RHEE GENE; INVESTIGATOR LANCE
SARACENO; TANYA BEEMER; JUDGE
HYUN CHIN KIM; JUDGE RICHARD J.
GUERTIN; ANDREW GREHER,

                Defendants.

---

25-CV-10224 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Wallkill Correctional Facility, brings this action, *pro se*, alleging that he was arrested twice without probable cause. The Court construes the amended complaint as asserting claims of false arrest under 42 U.S.C. § 1983, and related claims under state law, against Woodbury Police Officers Farahvastti and Gonzalez, and New York State Trooper Rhee Gene.[1] By order dated January 21, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

---

[1] By order dated March 16, 2026, and entered on March 19, 2026, Judge Louis L. Stanton, to whom this action was previously assigned, dismissed the original complaint under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and granted Plaintiff leave to replead his Section 1983 claims against Farahvastti, Gonzalez, and Gene. (ECF 6.) The court received the amended complaint on June 2, 2026, and the action was subsequently reassigned to the undersigned. The amended complaint (ECF 7) is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these

grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66,

72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman*

*v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations

omitted).

## DISCUSSION

### A.    Claims Previously Dismissed

In his March 16, 2026 order of dismissal, Judge Stanton dismissed Plaintiff's claims

against: (1) Judge Kim and Judge Guertin under the doctrine of absolute judicial immunity (ECF

6, at 4-5); (2) Assistant District Attorney Beemer under the doctrine of prosecutorial immunity (*id.*

at 5-6); (3) Saraceno under the doctrine of witness immunity (*id.* at 6); (4) Greher because he is a

private party not subject to liability under Section 1983 (*id.* at 6-7); (5) Gonzalez and Gene because

Plaintiff alleged no facts showing that they were personally involved in the events underlying his

claims (*id.* at 7-8); and (6) Farahvastti because Plaintiff failed to allege facts suggesting a viable

false arrest claim against this defendant (*id.* at 8-9).[3] Judge Stanton granted Plaintiff leave to

replead his claims against Farahvastti, Gonzalez, and Gene. (*Id.* at 10.)

Because Plaintiff's amended complaint does not include a caption, it is unclear whether he

is attempting to reassert claims against any of the defendants that have previously been dismissed.

In any event, Plaintiff's amended complaint pertains solely to his allegedly false arrests by

Farahvastti, Gonzalez, and Gene. To the extent Plaintiff is seeking to reassert any claims against

---

[3] Judge Stanton also declined to exercise supplemental jurisdiction of any state law claims Plaintiff may have been asserting.

Defendants Kim, Guertin, Beemer, Saraceno, and Greher, the Court dismisses those claims for the reasons stated in Judge Stanton's March 16, 2026 order (ECF 6). *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court directs the Clerk of Court to terminate these parties as defendants in this action.

**B.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Farahvastti, Gonzalez, and Gene through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendants Kim, Guertin, Beemer, Saraceno, and Greher, the Court dismisses those claims for the reasons stated in Judge Stanton's March 16, 2026 order (ECF 6). *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court directs the Clerk of Court to terminate these parties as defendants in this action.

The Clerk of Court is directed to issue a summons for Defendants Farahvastti, Gonzalez, and Gene, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).


Dated:   June 29, 2026
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Officer Farahvastti
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

2.      Officer Gonzalez
        Town of Woodbury Police Department
        386 Route 32
        Central Valley, NY 10917

3.      Trooper Rhee Gene
        New York State Police
        369 Nininger Road
        Monroe, NY 10950